### TEXAS & P. RY. CO. v. WATSON.

(Circuit Court of Appeals, Fifth Circuit.    December 3, 1901.)

#### No. 1,035.

1. APPEAL—REVIEW—INSTRUCTIONS.

   In an action against a railroad company to recover for the burning of cotton, where the jury was properly instructed that if defendant used the most approved spark arresters on its engines, which were at the time in good condition, and operated its engines with ordinary care and prudence, it was not liable, the failure to instruct as to the risk assumed by plaintiff in placing his cotton in close proximity to the track was not reversible error, in the absence of a properly limited request for such an instruction.

2. DEPOSITIONS—ADMISSIBILITY IN EVIDENCE—PRESENCE OF DEPONENT IN COURT.

   It is error to permit a plaintiff to read the deposition of a witness who is known to be present in court, unless for the purpose of impeachment, under proper limitations.

**3. APPEAL—REVIEW—HARMLESS ERROR.**
The erroneous admission in evidence of the deposition of a witness who is present in court is not ground for reversal, where the witness is subsequently placed on the stand by the adverse party, and testifies fully as to the matters covered by the deposition and in explanation of his testimony as given therein.

In Error to the Circuit Court of the United States for the Eastern District of Texas.

T. J. Freeman, F. C. Dillard, and H. O. Head, for plaintiff in error.
A. L. Beaty, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. In this case, the evidence having been closed, the trial judge charged the jury, among other things, apparently on his own motion, that it was the duty of the railway company to use on its engines the most approved spark arresters, and to have its engines operated with ordinary care and prudence; that if the defendant did use the most approved spark arresters, at the time in good condition, and that the engine was then and there operated with ordinary care and prudence, plaintiff could not recover, even if sparks were communicated to his cotton. The requested charges presented by the defendant, so far as they are sound, are embraced in the charge just given. It is true that the situation of the plaintiff's cotton required a degree of care on the plaintiff's part greater than would have been required if the cotton had been situated further from the track on which the defendant's engines in the conduct of its business were compelled to pass; and if the idea of assumed risk, which the defendant's counsel pressed, had taken the shape of an instruction to the jury as to the measure of prudent care which the situation exacted of the plaintiff, we are not prepared to say that a helpful instruction might not have been given to the jury on that subject; and, if the request had been within the proper limitations, we are not prepared to say that the refusing of it, or the qualifying of it, as appears to have been done by the trial judge, would not have presented ground for reversal.

The trial court clearly erred in permitting the plaintiff to read the deposition of the witness B. F. Caperton when the witness was actually present in court and tendered to the plaintiff in person. Railway Co. v. Wilder, 35 C. C. A. 105, 92 Fed. 953. Until the witness, who was present in court, and whose presence in court was known to the plaintiff, had been called by the defendant, and delivered his testimony on the stand, the plaintiff could not use the deposition in question, and then only for the purpose of impeachment, after having laid the proper predicate, and given the witness opportunity to explain the mistake or error in his deposition. In view of the fact that the witness was called by the defendant after the deposition had been admitted over the defendant's objection, and gave fully his explanation of the deposition and his testimony as to the subject to which it related, we conclude that the error committed is not sufficiently grave in its results to require us to reverse the case.

The rulings complained of in the other suggestions of error are substantially sound.

The judgment of the circuit court is affirmed.